UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:05-cr-10038-DPW |
| | ) |
| BARRY J. GOODMAN, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT
PURSUANT TO LOCAL RULE 116.5(A)**

The parties file this status report in connection with the status conference of the above-captioned matter scheduled for June 2, 2005:

1. At this time, the parties do not seek relief from the otherwise applicable timing requirements imposed by L.R. 116.3.

2. The United States has no present intention of calling any expert witnesses in its case in chief. The United States will promptly inform the defendant if its intentions change in this regard. Defendant Goodman has no present intention of calling any expert witnesses in its case in chief. Defendant Goodman will promptly inform the United States if its intentions change in this regard.

3. The United States does not anticipate providing additional discovery as a result of the receipt of information, documents, reports of examinations or tests. Defendant Goodman does not anticipate providing discovery as a result of the receipt of information, documents, reports of examinations or tests. The parties are aware of their obligations under the discovery rules to supplement discovery as necessary.

4. The parties do not request a motion date to be set under Fed. R. Crim. P. 12(c).

5. The United States requests that the Court exclude the period of March 2, 2005, the date of Defendant Goodman's initial appearance in this matter, through the automatic disclosure date, May 5, 2005, purposes of the Speedy Trial Act. The

        government also requests the court exclude in the interests of justice the period of time between the May 5, 2005 automatic disclosure date and the next status conference in this matter. Defendant Goodman consents to the exclusion of this time.

6. It is too early to determine whether plea negotiations will resolve this case. Should this matter proceed to trial, the government anticipates that it would need five trial days to present its case in chief.

7. Defendant Goodman requests that the Court schedule an interim status conference for this matter, with a final status conference to be scheduled in the future. The United States assents to the defendant's request with the understanding that Defendant Goodman consents to the Court excluding the time period between conferences under the Speedy Trial Act .

                              Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN | BARRY J. GOODMAN |
| United States Attorney | Defendant |
| | |
| **/s/ R. Daniel O'Connor** | **/s/ John E. Wall [DO]** |
| R. Daniel O'Connor (BBO# 634207) | John E. Wall (BBO# 513300) |
| Special Assistant United States Attorney | Law Office of John Wall |
| oconnord@sec.gov | lawofficejwall@earthlink.net |
| Securities and Exchange Commission | 1 Commercial Wharf West |
| 73 Tremont Street, 6th Floor | Boston, MA 02110 |
| Boston, Massachusetts | Tel. No. :617-742-9096 |
| Tel. No.: (617) 573-8900 | Fax No.: 617-742-8604 |
| Fax No.: (617) 424-5940 | |

May 27, 2005