Clerk's Office
USDC. Mass.
Date 9-12-05
By mr
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts  02210


September 6, 2005

John Wall, Esq.
One Commercial Wharf West
Boston, MA 02110

    Re:  <u>United States v. Barry J. Goodman</u>, Criminal No. 05-CR-10038 DPW

Dear Mr. Wall:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Barry J. Goodman ("Defendant"), in the above-captioned case.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than September 12, 2005, Defendant shall plead guilty to all counts in the above-captioned Indictment.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the Indictment, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties for each count of the Indictment:

    a.    For each of Counts I to III of the Indictment, alleging violations of Section 206 of the Investment Advisors Act pursuant to titles 15 U.S.C. §§ 80b-6 & 80b-17 and Title 18 U.S.C. § 2:

       (1)  imprisonment for not more than ten years;
       (2)  a fine of $10,000;
       (3)  mandatory special assessment;
       (4)  restitution and forfeiture; and
       (5)  supervised release of three years.

  b.  For each of Counts IV to VI of the Indictment, alleging violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 pursuant to titles 15 U.S.C. §§ 78j(b) & 78ff, Regulation 17 C.F.R. § 240.10b-5 and Title 18 U.S.C. § 2:

       (1)  imprisonment for not more than ten years;
       (2)  a fine of $1,000,000;
       (3)  mandatory special assessment;
       (4)  restitution and forfeiture; and
       (5)  supervised release of three years.

  c.  For each of Counts VII to XI of the Indictment, alleging violations of the Wire Fraud statute pursuant to titles 18 U.S.C. § 1343 and 2:

       (1)  imprisonment for not more than five years;
       (2)  a fine of $10,000;
       (3)  mandatory special assessment;
       (4)  restitution and forfeiture; and
       (5)  supervised release of three years.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the Guidelines to the facts and circumstances of this case:

  a.  The parties stipulate and agree that the November 1, 1998 version of the Guidelines governs in this case.

    b.    The parties stipulate and agree that the Base Offense Level in this matter is 6, pursuant to U.S.S.G. § 2F1.1(a).

    c.    The parties stipulate and agree that the loss in this matter was more than $500,000 and not more than $800,000, pursuant to U.S.S.G. § 2F1.1(b)(1)(K).

    d.    The parties stipulate and agree that the criminal activity in this matter involved more than minimal planning and/or a scheme to defraud more than one victim, pursuant to U.S.S.G. § 2F1.1(b)(2).

    e.    The parties stipulate and agree that the criminal activity in this matter involved an abuse of trust, pursuant to U.S.S.G. § 3B1.3.

    f.    The parties take no position on Defendant's criminal history.

    g.    The U.S. Attorney agrees, based on the knowledge he now posses, that there are no relevant conduct enhancements under U.S.S.G. § 1B1.3 other than those based on conduct alleged in the indictment and a $100,000 investment by Mr. S.B.S.B.A. in August 2000 based on misrepresentations by Defendant that was dissipated in a manner similar to that alleged in the indictment. The U.S. Attorney agrees, however, to the extent that information comes to light after the date of this agreement showing that the loss amount is greater than $800,000, that regardless of the actual loss amount, the U.S. Attorney will not seek an enhancement beyond that provided in U.S.S.G. § 2F1.1(b)(1)(M) (i.e. more than $800,000 but not more than $1.5 million).

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines. In addition, neither the U.S. Attorney nor Defendant will argue that the factors set forth in 18 U.S.C. 3553(a) warrant a sentence below the otherwise applicable Guidelines range.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3 as described above;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3 as described above;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

   (I) Transfers any asset protected under any provision of this Agreement; and/or

   (j) Attempts to withdraw his guilty plea.

 Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

 Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

 4. <u>Sentence Recommendation</u>

 The U.S. Attorney agrees to recommend the following sentence before the District Court:

   (a) Incarceration or other confinement at the low end of the Guideline range as calculated by the U.S. Attorney in paragraph 3 above;

   (b) Fine at the low end of the Guideline range unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

   (c) Restitution;

   (d) Forfeiture as set forth in paragraph 8;

   (e) Mandatory special assessment; and

   (f) Supervised release for two years.

 Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

    (1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

    (2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

    (3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to Titles 18 U.S.C. § 981(a)(1)(c)), 28 U.S.C. § 2461(c)), and 21 U.S.C. § 853(p) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest,

and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from February 28, 2000 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

9.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Diane C. Freniere*
DIANE C. FRENIERE, Chief
White Collar Crime Section

Jack W. Pirozzolo
Assistant U.S. Attorney
R. Daniel O'Connor
Special Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Barry J. Goodman
Defendant

Date: 9/12/05

I certify that Defendant Barry J. Goodman has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
John E. Wall
Attorney for Defendant

Date: 9/12/05

11