UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | )<br>)<br>)  Criminal No. 1:05-cr-10038-DPW<br>)<br>) |
| BARRY J. GOODMAN, | )<br>) |
| Defendant. | )<br>)<br>) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States submits this sentencing memorandum in advance of the December 5, 2005 sentencing of Defendant Barry J. Goodman ("Goodman"). On September 12, 2005, Goodman pleaded guilty to an Indictment charging him with three counts of fraud in violation of the Investment Advisors Act of 1940, 15 U.S.C. § 80b-6, three counts of fraud in violation of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78ff, and five counts of wire fraud in violation of 18 U.S.C. § 1341. Goodman was an investment adviser who defrauded clients out of approximately $700,000 through two fraudulent investment schemes.

**I. Background**

The facts in this case are not materially disputed by the parties. As set forth in the in the Presentence Report ("PSR") (see ¶¶ 8-34), at all relevant times, Goodman held himself out as an investment advisor that ran a hedge fund through his company, New England Capital Advisers, LLC. Goodman used his company to run two schemes that defrauded investors out of $700,000. In the first scheme, Goodman solicited and received approximately $500,000 from two investors

by representing to them that he would use their funds to obtain stock in initial public offerings ("IPO's") through special relationships he had with investment banks. He represented that the profits would be immediate, with minimal risk. Goodman had no such relationships with investment banks. Upon receiving the funds, Goodman used the funds both for his own personal expenses, to day trade in stocks and to pay other clients of his whose money he had lost day trading in stocks. In the second scheme, Goodman solicited and received $200,000 from an investor by falsely representing that the funds would be used in a "special" arbitrage program buying stock in Lycos, Inc. Goodman had no such arbitrage program. Instead, upon receipt of the funds, he used the money for personal expenses and to pay other clients.

## II.  Application of Guidelines

As set forth in the PSR (see ¶¶ 36-49) the relevant offense conduct yields the following guidelines computation under the November 1, 1998 version of the Guidelines:

**Counts 1-11**

| | | |
|---|---|---|
| Base Offense Level | 6 | U.S.S.G. § 2F1.1(a) |
| Loss Enhancement | 10 | U.S.S.G. § 2F1.1(b)(1)(K) |
| More than one Victim | 2 | U.S.S.G. § 2F1.1(b)(2)(B) |
| Abuse of Trust | 2 | U.S.S.G. § 3B1.3 |
| **Total** | **20** | |

The United States does not object to a three-level adjustment for acceptance of responsibility. Assuming a three-level adjustment, Goodman's offense level is **17**. The resulting Guidelines sentencing range is **24 to 30 months**. The fine range is **$5,000 to $3,000,000** pursuant to U.S.S.G. § 5E1.2©)(1) and ©)(4).

### III. Sentencing Recommendation

The United States recommends incarceration of 24 months, which is the low end of the level 17 guidelines range. The United States further recommends: a fine of $5,000, unless the court finds that the Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine; a special assessment of $1,100; a period of supervised release of two years; and restitution of $800,000. The Indictment charges Goodman with defrauding two investors out of $700,000. Evidence developed during the course of the Government's investigation, however, revealed that Goodman also defrauded a third investor out of $100,000 in August 2000 by using the Lycos Arbitration scheme described above. (See PSR ¶34(A).) Restitution should be paid to the following victims: G-Net Group, Ltd. ($450,000 loss), Suhail Abbas ($250,000 loss), and, Salman Bin Sultan Bin Abdulaziz ($100,000 loss).

### Conclusion

For the foregoing reasons, the Court should sentence Gracie in accordance with the recommendation of the United States.

Respectfully submitted,

/s/ R. Daniel O'Connor
R. Daniel O'Connor
oconnord@sec.gov
Special Assistant United States Attorney
Securities and Exchange Commission
73 Tremont Street, 6th Floor
Boston, MA 02108
Telephone: (617) 573-8979
Facsimile: (617) 424-5940

Jack W. Pirozzolo
United States Attorney's Office
Suite 9200
1 Courthouse Way
Boston, MA 02210
617-748-3189
Fax: 617-748-3960
Email: jack.pirozzolo@usdoj.gov

November 29, 2005