UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>BARRY GOODMAN )<br>)<br>) | NO. 05 CR 10038DPW |

**DEFENDANT BARRY GOODMAN'S CLARIFICATION OF PARTIAL WITHDRAWAL OF HIS MOTION REGARDING RESTITUTION AND FINES**

Now comes defendant Barry Goodman through counsel in order to clarify his partial withdrawal of the motion regarding restitution and fines which was filed out of hasty and undue concern that the original motion might be perceived as a violation of the plea agreement. Further reflection and review of the law convinces counsel for the defendant otherwise: that the Sentencing Guidelines and the relevant statutes allow some "mitigation" of restitution at least as to scheduling payments --e.g. the Court conceivably could order payments of $1.00 per year in appropriate circumstances to be applied against the full amount of restitution. This proposition is supported by the Cheal case in the 1st Circuit :

> Cheal argues, citing United States v. Haddock, 50 F.3d 835 (10th Cir. 1995), that the district court erred by not reviewing her financial resources before deciding whether to order restitution and in what amount. Haddock, decided the year before Congress passed the MVRA, interpreted the MVRA's predecessor statute, the Victim and Witness Protection Act of 1982, Pub. L. 97- 291, 96 Stat. 1248. HN30The MVRA gives the court no discretion in ordering restitution in cases of fraud, see 18 U.S.C. § 3663A(c)(1), or in calculating the amount of restitution owed:

1

> **In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.**
>
> Id. § 3664(f)(1)(A). See United States v. Chay, 281 F.3d 682, 686 (7th Cir. 2002) (noting that the MVRA **"prohibits the court from examining the defendant's ability to pay restitution"**); United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001) (same); United States v. Alalade, 204 F.3d 536 (4th Cir. 2000) (same); United States v. Myers, 198 F.3d 160, 168-69 (5th Cir. 1999) (same); United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999) (same).
>
> **The court may take a defendant's financial resources into account only insofar as they affect "the manner in which, and the schedule according to which, the restitution is to be paid . . . ." Id. § 3664(f)(2).** Cheal did not object below to the repayment plan, and she does not do so now. In any event, § 3664(k) requires her to notify the court of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." This provision accounts both for windfalls and for tighter times. Cheal remains subject to its strictures. (**emphasis added**)

United States v. Cheal, 389 F.3d 35, 53 (1st Cir. 2004)

> Title 18 U.S.C. § 3663A requires mandatory restitution for, inter alia, "offenses against property under this title . . ., including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Wade's crime of bank fraud is one such offense for which restitution must be paid. See United States v. Jones, 289 F.3d 1260, 1264 (11th Cir.), cert. denied, 537 U.S. 1049, 154 L. Ed. 2d 524, 123 S. Ct. 661 (2002); United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000); see also United States v. Huff, 83 Fed. Appx. 792, 2003 WL 23095560, at *2 (6th Cir. 2003). Because restitution ordered pursuant to § 3663A is mandatory, Wade's purported inability to pay does not impact the amount of restitution he must pay. See United States v. Schulte, 264 F.3d 656, 661 (6th Cir. 2001) (citing 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A)); see also **18 U.S.C. § 3664(f)(2) (directing courts,after determining the amount of restitution, to take into account a defendant's financial condition in preparing the defendant's schedule of payments)**; 18 U.S.C. § 3664(k) (requiring defendant to notify court of changes in financial condition so that the restitution payment schedule may be adjusted or a demand for immediate payment in full can be made). (**emphasis added**)

United States v. McDaniel, 398 F.3d 540, 554 (6th Cir. 2005)

      It is therefore respectfully requested that after ordering full restitution, this Court impose a payment schedule that is realistic in view of the defendant's circumstances and those of his family.

                                                Respectfully submitted
                                                Barry Goodman
                                                By his attorney,

                                                      _s/ John Wall_
                                                John Wall
                                                BBO No. 513300
                                                One Commercial Wharf West
                                                Boston, MA 02110
Dated: December 4, 2005                  617 742-9096

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2005, a true copy of the above document was served upon the United States and by e-filing to Jack Pirozzolo, Esq., AUSA, R. Daniel O'Connor, Esq. Senior Trial Counsel at S.E.C.and by U.S. Post and by fax to Jeffery Smith, U.S. Probation Officer, Rm. 1200, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way Boston, MA 02210.

                                                    _/s/ John Wall_
                                                     John Wall